MITCHELL and Others *v.* MERRILL.

In an action on a penal bond, conditioned for the delivery of property at a certain time and place, the declaration need not aver a demand of the property at the place. *Aliter*, if the condition be for the payment of money.

A tender and refusal of the property (or that which is equivalent) at the time and place fixed by the contract for its delivery, vests the property in the creditor; and puts an end to his right to sue upon the contract.

The plea of tender, in such a case, need not state that the defendant was afterwards ready, or that he brings the property into Court.

ERROR to the *Harrison* Circuit Court.—In this action *Merrill* was the plaintiff below, and *Mitchell, Holcroft*, and *Heth*, were the defendants.

*Tuesday,
November 6.*

BLACKFORD, J.—This was an action of covenant, founded on a writing obligatory to the following effect: The obligors bound themselves to the plaintiff in the penal sum of 197 dollars, conditioned for the delivery of certain horses, to the sheriff of *Harrison* county, on a certain day, at the house of *Jordan Vigus*, in *Corydon.* The plaintiff avers in his declaration, that the defendants have not performed their covenant, nor has either of them; that the horses became due at the time specified in the obligation, are still due, and not delivered to the plaintiff, nor to the sheriff, as aforesaid, contrary to the covenant; that the defendants, though often requested, have not, nor has either of them, before, at the time, or since, the horses became deliverable, delivered the same or any of them to the plaintiff, nor to the sheriff, nor to any person for them or for either of them; but that they have hitherto wholly neglected and refused, and still do neglect and refuse so to do. To the damage of the plaintiff 300 dollars. The defendants craved oyer of the writing obligatory, and demurred generally to the declaration. The Circuit Court decided in favour of the plaintiff.

The objection made to the declaration, is, that it contains no averment of a demand of the horses, at the place specified for their delivery by the condition of the bond. To show the deficiency of the declaration in this respect, the plaintiffs in error have referred us to *Sanderson v. Bowes*, 14 East, 500; *Rowe v. Young*, 2 Brod. and Bingh. 165; and to the cases of *Gilly v. Springer*, and *Palmer v. Hughes*, in this Court. The first

and two last cases mentioned, were actions on promissory notes for the payment of money; the other was on an acceptance of a bill of exchange: all payable at a particular place. They are not, as we conceive, applicable to. the cause we are considering. This action is founded on a bond with a penalty, conditioned for the delivery of property at a certain time and place. In *Sanderson* v. *Bowes*, and *Rowe* v. *Young*, the Courts take particular care, to distinguish the cases of debt upon penal bonds, from those they were examining; and expressly admit that, in the former, no special demand was necessary to be averred. They say, that a compliance with the condition of the bond, to avoid the penalty, or whatever is equivalent to a compliance, is matter of defence, and must be pleaded. It is true, that the case before us is not an action of debt, but of covenant, and it may be thought that that makes a difference. Whether it does or not, would be a proper subject of inquiry, if this were a bond conditioned for the payment of money; but as it is not, that point needs not to be considered. There is another ground, independently of this being a bond with a condition, upon which this case is distinguishable from those referred to. It is this: Here the obligation is for the delivery of property, there the contracts were for the payment of money. This, we are of opinion, creates a wide difference between the cases. No cause ever underwent a more careful examination than that of *Rowe* v. *Young*. The twelve judges of *England* all delivered their opinions, the most of them at great length; so did Lords *Eldon* and *Redesdale*. The great question in the House of Lords was, whether the plaintiff should, in his declaration, aver a demand at the place; or whether it should be left to the defendant, to plead a tender at the place, or something equivalent, and bring the money into Court. That the defendant should not be driven to plead, was the final decision of the Court, upon this strong ground, that the plea of tender requires *the bringing of the money into Court;* and, therefore, if the defendant be compelled to plead, he must transport his money to the Court, however distant, though he may have always had it ready at the place where, and where only, he had promised to pay it. That was the consideration which settled the case of *Rowe* v. *Young*, making the averment of a demand at the place necessary, in actions on notes and acceptances for

the payment of money; and that was the consideration which produced the decisions of this Court, in *Gilly* v. *Springer* and *Palmer* v. *Hughes* (1).

The case we are now considering, is, as has been already observed, of a character altogether different from those which have been mentioned. It is founded on a contract *for the delivery of property*, not for the payment of money. In this case, a tender and refusal of the property at the time and place fixed upon for the delivery, or the defendant's being at the time and place with the property ready to deliver it, and the plaintiff's not attending, nor any person for him, to receive it,—constitute a complete plea in bar of the action, without the averment of a readiness at any time afterwards to deliver it, or of a bringing of it into Court. By the tender and refusal, or that which is equivalent, the property becomes vested in the creditor, and his right to sue upon the contract is at an end. *Slingerland* v. *Morse*, 8 Johns. R. 474. The consequence of this doctrine is clear:—The being afterwards ready, or the bringing of the property into Court, not being essential to the plea of tender, in a case of this kind, the foundation of the decisions referred to, requiring the averment of a demand in the declaration, instead of leaving the defendant to his plea, fails entirely in the present case. Here, the obligors bound themselves for the delivery of the horses, at the house of *Jordan Vigus*, in *Corydon*, on a certain day. *It was not material to them, whether the obligee attended or not:* their duty was to be at the place, on the day, ready to deliver the property. If they neglected thus to attend, and did not comply with their obligation, they failed in their contract, and are liable to an action. A demand by the obligee was not a precedent condition. It formed no part of the consideration of the bond. The obligors could have complied with their contract, and they were bound to do so, whether the obligee, or any person for him, attended or not. Had the defendants been ready, at the time and place, to deliver, and found no person there to receive,—they could, in this action against them, have pleaded that fact in bar, with as much effect, and with as little inconvenience, as they could an actual delivery, if there had been one.

From these considerations, we are of opinion that the declaration in this case is sufficient, without the averment of a de-

mand at the particular place; and that the judgment of the Circuit Court, therefore, overruling the demurrer, was correct.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*Nelson*, for the plaintiffs.

*Payne*, for the defendant.

(1) "If a note be made payable at a banker's, or other place, in the *body* of it, a presentment at that place must be averred and proved. *Sanderson* v. *Bowes and others*, 14 East, 500; *Roche* v. *Campbell*, 3 Campb. 247. But if the place of payment is merely *subscribed* at the *foot* of the note, it is no part of it, and must not be inserted in the declaration. *Exon* v. *Russell*, 4 M. & S. 505; *Williams* v. *Waring*, 10 B. & C. 2. But see *Trecothick* v. *Edwin*, 1 Stark. Rep. 468; where the whole of a note being *printed*, except the names, date, and sum, and a place of payment at the bottom of the note being also printed, it was holden that a special presentment there was necessary. The 1 & 2 Geo. 4, c. 78, does not extend to promissory notes." *Hennell on Forms*, &c. 112, n. (5). See *Palmer et ux.* v. *Hughes*, Vol. 1. of these Rep. 328, and note (2).