*D.* and *S. S. Brier*, for the plaintiff.

*G. W. Lawson* and *R. C. Gregory*, for the defendant.

Nov. Term, 1846.

STRANGE<br>v.<br>LOWE.

---

STRANGE and Another *v.* LOWE and Another.

In an action on a delivery-bond, the declaration must set out a judgment, &c., and an execution, showing that the sheriff was authorized to seize the property and take the bond.

Where there are several plaintiffs, the declaration must show a *prima facie* title in them all to sue.

ERROR to the *Hendricks* Circuit Court.

DEWEY, J.—*J. Lowe, E. Lowe,* and *Sample,* brought an action of debt, for the use of the *Lowes,* against *Dicken* and *Strange.* The declaration alleges that *J. Lowe* and *E. Lowe,* on, &c., recovered a judgment against *Dicken* (describing it); that, on, &c., the sheriff of *Hendricks* county, by virtue of an execution issued on that judgment against *Dicken* and "one *William C. Cline,*" the replevy-bail on said judgment, and by virtue of a certain other execution, issued from the office of the clerk of said Circuit Court, in favour of said *Sample,* and against said *Dicken* and said *Cline* and one *Jesse Woodward,* replevy-bail," levied on certain property of *Dicken's* "to satisfy said judgment;" that afterwards, on, &c., the defendants executed their delivery-bond, in favour of the plaintiffs, for the property so taken (describing the bond and its condition). The breach assigned is the non-

*Tuesday,*<br>*December* 1.

delivery of the property according to the condition of the bond. The defendants demurred to the declaration (assigning several causes of demurrer which it is unnecessary to state, as we shall view the demurrer as a general one). The demurrer was overruled, and an interlocutory judgment entered. Damages assessed by the Court by consent, and final judgment for the plaintiffs.

We think the decision wrong. The declaration is substantially defective. To sustain this action it was necessary for the plaintiffs to show a judgment, or judgments, and an execution or executions issued thereon, which would authorize the sheriff to seize property, and to take a bond for its delivery in favour of the plaintiffs. The declaration sets out sufficiently a judgment in favour of the two *Lowes* against *Dicken*, but it sets out none in favour of *Sample*, or against *Cline* and *Woodward*. Simply alleging that *Sample* recovered a judgment against *Dicken*, and that *Cline* and *Woodward* were replevy-bail, is not enough. The judgment and the manner of entering bail should be described, that the Court may judge of their validity; and for the same reason, the substance of the executions should be stated. Without all this there is no foundation for the delivery-bond. And such a foundation must be shown in favour of all the plaintiffs. The allegation that the suit was brought for the use of the *Lowes* does not alter the case. A *prima facie* legal title to sue must appear in all the plaintiffs.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. C. Nave*, for the plaintiffs.

*J. S. Harvey* and *J. H. Bradley*, for the defendants.