Nov. Term,
1852.

MAY
v.
JOHNSON.

Monday,
November 22.

(1) See *ante,* p. 447.

---

THE STATE *v.* JONES.—In Error.

Monday,
November 22.

THE judgment in this case is reversed, with costs, for reasons given in the case of *The State* v. *Virt*, at the present term (1). Cause remanded, &c.

*W. M. Franklin, J. L. Ketcham,* and *N. B. Taylor,* for the state.

(1) See *ante,* p. 447.

---

MAY *v.* JOHNSON and Another.

A person who has executed to a constable a bond for the delivery of property levied upon execution, will be estopped, in trespass against the officer for the seizure of the property, from denying that the judgment and execution were against himself, if the bond was procured without fraud.

Such a bond will not be held to have been fraudulently procured, from the fact of previous misrepresentations by the constable of the obligor's liability thereon, and its not being read or explained to him, it not appearing that the obligor was an illiterate person or that he had not the means in his power of knowing the truth.

Monday,
November 22.

ERROR to the *Monroe* Circuit Court.

PERKINS, J.—Trespass for forcibly seizing and carrying

away the goods of *Solomon May*, the plaintiff. Plea, by way of estoppel, that said plaintiff, on, &c., at, &c., by his certain delivery-bond, admitted that, on, &c., the said *Hardesty*, one of the defendants, then and there being a constable, &c., levied on the goods described in the declaration by virtue of an execution issued, &c., and directed to said *Hardesty*, on a judgment rendered against said plaintiff and in favor of said *Johnson*, the other of the defendants, for the sum of, &c., which is the identical taking complained of, &c.

Replication, that the plaintiff ought not to be estopped, &c., because, he says, that just before the supposed execution of said bond, the said *Hardesty* was informed that the judgment and execution obtained by said *Johnson* were not against the plaintiff in this suit but against another person of a like name, often called "*Little Sol.;*" whereupon said *Hardesty* informed said plaintiff that if such was the fact, nothing further would be done in the matter, but he must give a delivery-bond for the property or it would be seized and taken away; and the said plaintiff, trusting to the representations of said *Hardesty*, without the delivery-bond being read or explained to him, signed the same, &c.

Demurrer to this replication sustained, and final judgment rendered for the defendants.

The first inquiry will be as to the validity of the replication. It sets up facts showing, as is claimed, fraud in the procurement of the delivery-bond. We do not think fraud is shown. If the plaintiff had been, in the language of judge *Sullivan* in *Seeright* v. *Fletcher*, 6 Blackf. 380, " an illiterate man, and the bond had been misread to him, he not being able to detect the imposition, the case would have been different. But it appears that he signed the bond without reading it himself, or hearing it read, and, with all the means of knowing the truth in his power, reposed a blind confidence in representations not calculated to deceive a man of ordinary prudence and circumspection. In such a case, the law affords no relief. 2 Stark. Ev. 374." In the present case it was not neces-

sary that the plaintiff should have given a delivery-bond; for, had the officer illegally deprived him of the possession of his property, the law would have afforded ample redress in damages.

The question next arises upon the plea, (for the demurrer reaches it,) whether that admission estops the obligor in the bond from controverting, in this suit, the existence of the judgment and execution against himself. This suit is between the parties interested in that bond, and in relation to the subject-matter of it. In a suit upon the bond against the obligor for a failure to deliver the property according to the condition, the admission in question would have estopped the obligor from denying it, there being no fraud; and we think said admission as effectual an estoppel in this, as it would be in such a suit. See *Trimble* v. *The State*, 4 Blackf. 435.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Watts*, *J. L. Ketcham*, and *N. B. Taylor*, for the plaintiff.

*C. Dewey*, for the defendants.