## PAY v. SHANKS, TREASURER.

TAXES.—*Levy on Chattels by County Treasurer.—Delivery Bond.—Demand.—Injunction.—Lis Pendens.*—A county treasurer having levied upon certain chattels, and advertised the same for sale on a certain day, to satisfy certain delinquent taxes due from the owner, the latter executed to the former a bond in a certain sum, conditioned for the delivery of such chattels to the former on the day of sale, or sooner, on demand. But the latter, in an action brought to enjoin the collection of such taxes, on the ground of their alleged illegality, obtained a temporary order restraining the former from making such sale, whereupon, such order having been dissolved, such treasurer again advertised such chattels for sale, and demanded possession of the same, which was refused. An action for damages having been instituted upon such bond, during the pendency of such action for an injunction,

*Held,* that such bond, though not authorized by statute, is valid as a common law bond, and such action thereon can be maintained.

*Held,* also, that such restraining order, though it prevented a demand and sale on the day first advertised, could not prevent the making of a legal demand subsequent to its dissolution.

From the Clinton Circuit Court.

*R. P. Davidson* and *J. C. Davidson,* for appellant.

*J. Claybaugh, L. McClurg* and *J. V. Kent,* for appellee.

PERKINS, C. J.—Suit commenced by Stephen Shanks, treasurer of Clinton county, Indiana, against William E. Pay, upon a bond, as follows:

"We undertake that the following property, to wit, two dun horses, levied upon as the property of William E. Pay, by the treasurer of said county," (Clinton having been previously mentioned,) "to satisfy the taxes due from him for the years 1867, 1868 and 1869, shall be delivered up to said treasurer of Clinton county, at the residence of said William E. Pay, on the 28th day of December, A. D. 1872, or at any time previous to said date, on demand being made at any time between the hours of ten o'clock A. M. and four o'clock P. M., when said officer may be ready to receive the same, in as good condition as the same is at this date, to be sold by said treasurer to satisfy said taxes; and further, that the said

William E. Pay may sell said property at private sale, and when so sold said William E. Pay shall pay the cash value thereof to said treasurer aforesaid, to be applied in satisfaction of said taxes; and this undertaking is hereby made payable to the treasurer of Clinton county." Signed, etc.

On appeal to the circuit court, a demurrer was filed in that court to the complaint, and overruled. Exception was noted.

We find no statutory provision upon the subject of taking delivery bonds in cases of distraint of property for the collection of taxes; and, in the absence of such provision, we have no doubt of the validity of the bond sued on as a common law bond. It was not given to induce the performance of an illegal act. *Griffiths* v. *Hardenbergh*, 41 N. Y. 464, is full upon this point. This doctrine has been repeatedly recognized in this State. *Spader* v. *Frost*, 4 Blackf. 190; *Byers* v. *The State*, 20 Ind. 47, and cases cited.

The bond being valid, the complaint upon it is sufficient, and the demurrer to it was correctly overruled.

The complaint set out the facts excusing demand on the day, etc.

Upon the demurrer being overruled, the parties submitted the cause to the court for trial, and filed the following agreed statement, as the evidence given on the trial:

"It is agreed by the plaintiff and defendant in the above entitled cause, that all matters of defence to said action shall be given under the general denial; and they agree upon the following statement of facts as the evidence given under said issue, to wit: That in the year 1867 there were made, against the land of defendant in said county, certain assessments of benefits arising from the construction of a gravel road in said county, by a corporation styled the Barnersville and Frankfort Gravel Road, which assessments, in proper parts, were divided and carried forward as taxes on the tax-duplicate of said

county for the years 1868, 1869, and 1870; that the treasurers of said county, from time to time, had demanded the payment of said taxes, including the plaintiff, treasurer Shanks; that in November, 1872, the said taxes being delinquent and unpaid, the plaintiff, as treasurer of said county, levied upon and distrained the two horses of defendant, mentioned in the alleged bond sued on as the property of defendant, and advertised the same for sale at the residence of defendant in Washington township, in said county, on the 28th day of December, 1872; that the plaintiff thereupon left said horses in the possession of said defendant, and took from him the bond here sued on; that the defendant claimed, and had been claiming, that said gravel road assessments were illegal and void, and, after the levying upon the horses, he filed his complaint in the circuit court of said county against the plaintiff as treasurer thereof, in which he set up the alleged illegality of said gravel road tax and said seizure, and prayed a perpetual injunction, and also a temporary restraining order against the collection of said taxes, and on the 27th day of December, 1872, he procured a temporary restraining order against the plaintiff, treasurer as aforesaid, prohibiting his further proceeding in the matter of said levy and sale, and the collection of taxes, till the further order of the court; that said injunction or restraining order being served upon said treasurer, he, in obedience thereto, did not, on the 28th day of December, repair to the place of said sale, or take further steps therein; nor did the defendant, whose residence and premises were about six miles distant from the treasurer's office, deliver or offer to tender said horses to said treasurer, on said day; that he had not previously demanded, and did not on that day demand, said property; that on the 7th day of January, 1873, a further hearing having been had in vacation, the said restraining order was by the judge of said circuit court dissolved, and the said complaint and cause left pending, and was undisposed of,

and is yet pending undisposed of, the said cause not having been yet further heard; that the said plaintiff, as treasurer, readvertised said property for sale on the 13th day of March, 1873, without any new levy, or having made any demand therefor, and on the day set for sale went to the premises of defendant and demanded the same, which demand was refused; that thereupon the said Shanks, as treasurer, claiming that said facts were a breach of said bond, and that said bond was valid and legal, began this suit. It is further agreed, that the amount of said gravel road taxes now due and owing, if due and owing at all, is one hundred and twenty-eight dollars and nine cents; that the said horses were of the value of one hundred and fifty dollars; that the said bond is correctly set out in plaintiff's complaint, and that said bond be part of the evidence in the cause. The plaintiff and defendant submit, whether on the above facts the plaintiff is entitled to recover.

> " CLAYBAUGH, KENT & McCLURG,
> "Attorneys for plaintiff.
> " J. C. SMITH and R. P. & J. C. DAVIDSON,
> "Attorneys for defendant.

" Which was all the evidence given in said cause; whereupon the court found in favor of the plaintiff, as is shown elsewhere in the record of said cause, to which finding the defendant at the time excepted, and thereupon the defendant filed his motion for a new trial, which was by the court overruled, to which ruling the defendant at the time excepted; wherefore defendant prays that this his bill of exceptions may be signed and sealed and made part of the record of said cause, which is now done.

" December 8th, 1873.

> " C. N. POLLARD, Judge,
> " Thirty-sixth District."

The motion for a new trial states the following causes:

1. The finding of the court was contrary to law;
2. It was contrary to the evidence; and,

3. The damages were excessive.

The assignment of errors in this court alleges three:

1st. The overruling of the demurrer to the complaint;

2d. The rendering of judgment against appellant on the evidence; and,

3d. The overruling of the motion for a new trial.

We have already disposed of the first assignment of error.

The second is included in the third.

The question remaining to be decided is, did the court err in overruling the motion for a new trial? The answer to this question will be found in the answer to another, viz., is the finding and judgment of the court below sustained by the evidence?

The evidence shows that the treasurer, the appellee, had legally distrained two horses, the property of appellant, for the payment of taxes; that the appellant gave the appellee a valid bond to deliver to the latter, upon demand, on the 28th of December, 1872, the horses in question, for sale on that day. On the 27th of December, the day previous to that fixed for the sale, the appellant procured from the court an *ex parte* restraining order, in obedience to which the appellee abstained from making a demand and sale on the 28th of December. A few days afterward the restraining order was dissolved, it having effected the purpose of the appellant of preventing the demand and sale of the horses on the 28th of December. After its dissolution, the appellee demanded the horses for sale, to pay the taxes for which they had been taken, and to secure their surrender for which purpose the bond was executed, but their delivery to the treasurer, on his demand, was refused by the appellant, the tax debtor and maker of the bond. Thereupon the appellee commenced this suit upon the bond for the value of the horses. The appellant, maker of the bond, now says to the treasurer, appellee, " You cannot maintain this suit, because you did not demand the horses on the 28th of December." " True,"

says the appellee, "but whose fault, whose wrong, was it that I did not? You obtained an order of court, forbidding me to make it. As soon as the court dissolved that order, I made the demand, and you refused to deliver."

The evidence clearly shows, that the appellant, through the machinery of legal proceedings, prevented the demand, and we think, that to allow him to defeat this suit, because it was not made on the day, would allow him to take advantage of his own wrong, which is contrary to a settled maxim of the law. *Doe* v. *Burford*, 26 Miss. 194.

We do not find the damages to be excessive.

The judgment is affirmed, with costs.