Hunter *et al. v.* Brown.

---

## HUNTER ET AL. *v.* BROWN.

DELIVERY BOND.—*Complaint by Execution Plaintiff.— Words and Phrases.—*
In an action on a delivery bond, an allegation that the execution defendant had failed to deliver the property. or to "pay the cash value thereof," is equivalent to an averment of a failure to pay over the "appraised" value of property which has been appraised or the "fair" value where no appraisement has been made.

SAME.—*Damages.*—No more than sufficient to satisfy the execution, and ten per cent. additional, recovered in such action.

SAME.—An averment in the complaint that the execution remains unsatisfied is a sufficient averment that it remains unpaid.

SAME.—*Demand.*—Demand for delivery of the goods need only be made where their surrender is desired before the day specified in the bond.

From the Ripley Circuit Court.

*G. Durbin*, for appellants.

*W. D. Willson* and *T. E. Willson*, for appellee.

WORDEN, J.—This was an action by the appellee against the appellants. Judgment for the plaintiff below. The only question raised here is whether the complaint was sufficient on demurrer for want of sufficient facts.

The complaint alleges the recovery of a judgment, in the Ripley Circuit Court, by the plaintiff, against Alfred G. Hunter and William H. H. Hunter, for three hundred and ninety-nine dollars, on September 10th, 1874; that on the —— day of ——, 1875, by virtue of an execution issued upon the judgment, Henry Weber, sheriff of the county, levied on forty thousand feet of poplar lumber, of the value of six hundred dollars, and ten thousand feet of ash lumber, of the value of three hundred dollars, as the property of the judgment defendants, to satisfy the judgment; that the lumber was situate in the county aforesaid; that on April 29th, 1875, the defendants herein executed the following delivery bond, viz.:

| " David Brown | |
|---|---|
| *v.* | In the Ripley Circuit Court. |
| Alfred G. Hunter and | Judgment $399. |
| William H. H. Hunter. | |

"We undertake that the following property, to wit: Forty thousand feet of poplar lumber, ten thousand feet of ash lumber, levied upon as the property of Alfred G. Hunter and William H. H. Hunter, by virtue of an execution issued in the above entitled case, by Henry Weber, sheriff of Ripley county, Indiana, shall be delivered up to said sheriff, in the town of Osgood, in Center township, in Ripley county, on Thursday, the 20th day of May, A. D. 1875, or at any time previous to said date, upon demand being made, at any time between the hours of 10 o'clock A. M. and 4 o'clock P. M., when said officer

may be ready to receive the same, in as good condition as the same is at this date, to be sold by said sheriff, by virtue of said execution; and further, that said Alfred G. Hunter and William H. H. Hunter may sell said property at private sale; and, when so sold, said Alfred G. Hunter and William H. H. Hunter shall pay the cash value thereof to said sheriff aforesaid, to be applied in satisfaction of said execution; and this undertaking is hereby made payable to the execution plaintiff in this action."

The bond was duly signed and sealed by the defendants, and approved by the sheriff.

It was further alleged in the complaint, " that on the 20th day of May, 1875, between the hours of 10 o'clock A. M. and 4 o'clock P. M., Henry Weber, sheriff as aforesaid, demanded of defendants said property, but defendants refused to deliver said property, or any part thereof, or pay the cash value thereof to said sheriff, to be applied in satisfaction of said execution, and that said execution remains unsatisfied. Wherefore," etc.

Where property has been levied upon by a sheriff, it must be appraised if the execution is subject to the appraisement laws; and, upon a delivery bond being executed, the obligors therein became bound for the delivery of the property to the sheriff at a time and place to be named in the bond, to be sold according to law; or, if the property has been sold by the execution defendant, or is for any other reason not forthcoming, for the appraised value of the property where it has been appraised, and the fair value where it has not been appraised; but in no case are they liable for damages beyond the amount due on the execution, and ten per cent. on the principal. Code, secs. 457, 458, 461.

It is objected by the appellant, that, as it appears by the record that the property had been appraised, the averment as to non-payment should have been that the defendants

had not paid the appraised value, instead of the cash value, of the property. We find nothing in the complaint which shows that the property had been, or ought to have been, appraised. But it seems to us that the words "cash value," used in the bond and in the complaint, mean, as applied to property that has been duly appraised, the same thing, in substance, as appraised value, and, as applied to property which had not been appraised, the same thing as fair value. The appraised value of property ought to be its cash value; so its cash value. is its fair value. We think the complaint substantially good in this respect.

It may be observed that the complaint alleges the non-payment of the cash value of the property to the sheriff, without any express averment that no part of it had been paid. The entire value of the property was alleged to have been nine hundred dollars, but the defendants were not liable on the bond for more than enough to satisfy the execution and the ten per cent. thereon as above stated. The defendants may have paid to the sheriff enough to satisfy the execution, and yet the allegation of the complaint may be true, that the defendants refused to pay to the sheriff the cash value of the property, alleged to be nine hundred dollars. But the defective allegation is aided by what follows, viz., the averment that "said execution remains unsatisfied." If the defendants had paid to the sheriff enough to satisfy the execution in his hands, the payment would have satisfied the execution. It, therefore, sufficiently appears from the complaint that the defendants neither delivered the property nor any part thereof, nor did they pay enough of the value thereof to satisfy the execution.

It is also objected that the complaint was bad in not stating more definitely when the execution issued, and when the levy was made. There is no force in this objection. If any more certainty was necessary in these re-

spects, a motion would have remedied the defect. Besides, the delivery bond recited the issuing of the execution and the levy upon the property, and we see no necessity for stating more particularly when those things were done. The point is made in the appellant's brief for a *supersedeas,* that no demand was made by the sheriff, at the place specified, for the delivery of the property. As the time and place of delivery were specified in the bond, it was the duty of the defendants to deliver the property, or pay as stipulated for, without any demand. No demand, therefore, was necessary. The demand mentioned in the bond was to be made only in case the property should be required before the day agreed upon for its delivery.

The demurrer to the complaint was correctly overruled.

The judgment below is affirmed, with costs and five per cent. damages.