No. 16,374.

## THE MIDLAND RAILWAY COMPANY v. STEVENSON, CONSTABLE.

RAILROAD.—*Levy of Execution on Locomotive.*—*Injunction.*—An executive officer may levy upon and sell a locomotive upon an execution he holds against the railway company, and such company can not enjoin the sale.

From the Hamilton Circuit Court.

*W. R. Crawford, W. S. Christian, J. R. Christian* and *W. A. Van Buren,* for appellant.

*W. R. Fertig* and — *Alexander,* for appellee.

MILLER, J.—This action was instituted by the appellant against the appellee to enjoin him, as constable, from selling a certain locomotive and tender, owned by the appellant, and in actual use in its business.

It is claimed by the appellant that the property levied upon is not subject to levy and sale on execution, for two reasons : 1. That the locomotive and tender, being part of the equipment of the road, are, in effect, part of the realty, and not subject to sale by constables. 2. That the locomotive and tender, being a part of the equipment of the road in actual use, and essential to the performance of those duties which the appellant owes to the public, public policy forbids that they should be severed from the road to which they are appurtenant.

The view which we take of this case renders it unnecessary for us to enter upon the discussion of either of these vexed questions.

This action, it will be observed, was brought by the company, and not by mortgagees, bond-holders, or trustees representing the rights of creditors. It will also be noted that the complaint does not claim that the executions were not issued upon valid judgments, and for indebtedness of the

The American Cannel Coal Co. v. Huntington, Tell City, Etc., R. R. Co.

company which it justly, and in good conscience, ought to pay; does not show but that it is abundantly able to pay them. Such being the case, the appellant has no standing in a court of equity, to ask its interposition to enjoin the collection of a debt which it is not unable, but simply unwilling, to pay. *Russell* v. *Cleary*, 105 Ind. 502; *Jones* v. *Ewing*, 107 Ind. 313; *Morrison* v. *Jacoby*, 114 Ind. 84; *Hewett* v. *Fenstamaker*, 128 Ind. 315.

If the railway company was insolvent, and this suit had been instituted by the trustees for the bond-holders, as was the case in *Titus* v. *Mabee*, 25 Ill. 232, and *Titus* v. *Ginheimer*, 27 Ill. 462, a different question would be presented.

Judgment affirmed.

Filed Dec. 17, 1891.