No. 744.

## The Midland Railway Company et al. *v.* Eller et al.

PLEADING.—*Delivery Bond.*—*When Indorsement Need not be Alleged.*—Section 747, R. S. 1881, requiring that a delivery bond, when forfeited, shall be indorsed "forfeited," etc., does not apply to bonds given to constables, and in an action on such a bond the complaint need not aver that the bond had been so indorsed.

SAME.—*Delivery Bond.*—*Judgment of Court of Inferior Jurisdiction.*—*Sufficiency of Complaint.*—In an action on a delivery bond based on a judgment of a court of inferior jurisdiction, a statement in the complaint that the plaintiffs recovered judgment, can not be held equivalent to the statutory allegation that the judgment was "duly given or made."

BOND.—*Delivery Bond.*—*Suit on.*—*Amount of Recovery.*—Where suit

The Midland Railway Company *et al. v.* Eller *et al.*

is brought on a delivery bond, and a judgment recovered by the plaintiff, he is entitled to recover ten per centum damages on the full amount due on the execution.

SAME.—*Delivery Bond.—Liability on.—Restraining Order.—Appeal.—Affirmance.*—Where a delivery bond has been executed, and subsequent thereto a restraining order was issued by the Supreme Court extending to January 8, 1892, and judgment of affirmance was rendered December 17, 1891, and afterwards, by a *nunc pro tunc* order, the court adjudged that the restraining order was, by virtue of the affirmance, dissolved, the bondsmen were excused from delivering the property so long as the restraining order was in force; but when such order was dissolved by the affirmance, and the hands of the officer who held the execution were loosed, then the property should be returned, and, in default thereof, the bondsmen were liable on the bond.

From the Tipton Circuit Court.

*W. R. Crawford*, for appellants.

*W. R. Fertig* and *H. J. Alexander*, for appellees.

GAVIN, J.—The appellees' complaint was upon a delivery bond executed by appellants to enable the appellant railway company to retain possession of an engine and tender levied on by John Stevenson, a constable, by virtue of certain executions in his hands in favor of the several appellees.

Appellants controvert the sufficiency of the complaint by demurrer for want of sufficient facts.

The complaint was not bad for want of an averment that the bond had been endorsed forfeited as required by section 747, R. S. 1881. · This section applies to bonds given to sheriffs.

There is no requirement of this kind in those sections governing bonds given to a constable. Sections 1514 and 1515, R. S. 1881.

Appellants' contention that the complaint is bad for want of such averments as show valid judgments in favor of the several appellees must be sustained.

The allegation of the complaint on this subject is "that

prior to the 22d day of October, 1891, each of the plaintiffs recovered judgment against the defendant, the Midland Railway Company, and afterwards executions were issued on such judgments and placed in the hands of John Stevenson, constable in the township of Noblesville, in Hamilton county, Indiana.''

There are also proper allegations as to the amounts due on the several executions.

Appellees endeavor to maintain the pleading upon the theory that the duty devolves upon the appellants to show the judgments invalid, rather than upon appellees to show them valid.

*May* v. *Johnson*, 3 Ind. 449, is relied upon by counsel, but it fails to sustain their position. It simply holds that the party is estopped to deny the existence of a judgment against him, the existence of which is recited in the bond.

In the bond in suit, there is no recital of any judgment whatever.

Appellees also rely upon a class of cases such as *Robertson* v. *Smith*, 129 Ind. 422, and other cases wherein parties who have themselves invoked the power of a court to obtain the benefits of an injunction or replevin or some other affirmative act of the court are afterwards held estopped, in an action on the bond, to deny the jurisdiction of the court over the person of the one against whom the court's aid was sought and obtained. The principle governing those cases is not at all analogous to the case in hand, because here there is no element of estoppel, the appellees not being shown to have parted with, or been deprived of, any right or remedy whatever by reason of the execution of this delivery bond.

It is held that the giving of a delivery bond by the defendant does not estop him from setting up title to the property in a third person, nor from claiming the prop-

erty as exempt from execution.  *Koeniger* v. *Creed*, 58 Ind. 554; *Eltzroth* v. *Webster*, 15 Ind. 21.

In *Atkinson* v. *Starbuck*, 7 Blackf. 420, it is decided that the defendant is not, in an action on a delivery bond, estopped from denying a judgment which was not recited in the bond.

In *Miller* v. *Ashton*, 7 Blackf. 29, the court holds that in an action on a delivery bond the defendant may set up the illegality of the levy.

The precise point in controversy was decided adversely to the appellees in *Strange* v. *Lowe*, 8 Blackf. 243, where it was held that a complaint on delivery bond was bad on demurrer because it failed to show a valid judgment in favor of each plaintiff.  The court says: "Simply alleging that Sample recovered a judgment against Dicken, and that Cline and Woodward were replevin bail, is not enough.  The judgment and the manner of entering bail should be described, that the court may judge of their validity, and for the same reason the substance of the executions should be stated.  Without all this there is no foundation for the delivery bonds, and such a foundation must be shown in favor of all the plaintiffs."

As in that case, so here, the allegation simply is that plaintiffs "recovered judgment."  In what court, or when, does not appear.

Section 369, R. S. 1881, provides that in pleading judgments of courts of inferior jurisdiction, it shall be sufficient to allege that the judgment was "duly given or made."

The statement in the pleading that appellees "recovered" judgment can not be held equivalent to the statutory allegation.  *Hopper* v. *Lucas*, 86 Ind. 43.

Several objections are presented to the conclusions of

law drawn by the court from the special findings, which we will now consider.

The finding that Stevenson was appointed constable by the board of commissioners was sufficient as a finding of fact, without regard to the character of the evidence on which it was founded.

Appellants would not be excused from a subsequent delivery, by the fact that on the day named in the bond for the return of the property a temporary injunction, procured by the railway company, was in force. They could not thus take advantage of their own wrongful act. *Pay* v. *Shanks, Treas.*, 56 Ind. 554.

It was not necessary that the constable should demand the return of the property. It was the affirmative duty of appellants to return it. *Mitchell* v. *Merrill*, 2 Blackf. 87; *Hunter* v. *Brown*, 68 Ind. 225.

Under section 1518, R. S. 1881, by which the amount of recovery is governed, appellees were entitled to recover the ten per cent. damages on the full amount due on the execution, not on the principal alone.

The variance between the executions which were issued from two justices, and not from one only, as recited in the bond, was not a fatal one. Such an error in the bond is curable under section 1221, R. S. 1881, where the bond was really given to protect all the executions.

Neither was this action prematurely brought by reason of its having been commenced before the expiration of the sixty days allowed by law for filing a petition for a rehearing in the suit brought by the railway company to enjoin the sale of their property.

The company brought its action to enjoin in the circuit court, and was defeated. It appealed to the Supreme Court, procured a temporary injunction, which, by its terms, continued until January 8, 1892, this suit being commenced on January 5, 1892. On December

17, 1891, however, the Supreme Court entered its affirmance of that case (*Midland R. W. Co.* v. *Stevenson*, 130 Ind. 97), and afterwards, by a *nunc pro tunc* order, adjudged that said restraining order was, by virtue of the affirmance, dissolved on said December 17th.

It is not necessary for us to consider the proposition presented by counsel, that no action can be maintained upon a temporary injunction bond until the final disposition of the main action, even though the injunction be dissolved, because, even if that be the rule, we see no reason for extending the principle to an action on the delivery bond. This bond requires the bondsmen to deliver up the property on a day named. So long as restraining orders are in force tying the hands of the officer, so that he can not proceed with the execution of his writ, the bondsmen are excused from returning the property, but whenever the bonds are loosed from the constable, and his hands are freed, then the property should be returned.

If the parties deem themselves aggrieved by the decision of the Supreme Court, they are entitled to file their petition for a rehearing, and if they can then obtain from that court a further restraining order, the sale will, of course, be still again postponed, but where an injunction has been unsuccessfully sought to stay the collection of an execution, the appeal in that suit does not operate to stay action on the execution. That can only be effected by the restraining order issued by the Supreme Court, and when that restraining order is dissolved, the right to stay the execution is terminated. Whenever the constable was left free to sell the property, it seems to follow as a logical sequence that he was entitled to possession of it, and appellants not having then returned it, they were in default and would be liable on the bond, other necessary facts being shown.

For the error in overruling the demurrer to the complaint, the judgment is reversed, with instructions to sustain the demurrer to the complaint, with leave to amend.

Filed Feb. 15, 1893; petition for a rehearing overruled June 24, 1893.