Gavin, J.
The relator, Harrison, was, during the year 1890, treasurer of Boone county, through which the Midland Railway extended. In May, 1890, the delinquent tax duplicates came into his hands for collection. On them were nearly $2,600 of taxes assessed against said railway company for the years 1888 and 1889. In order to collect these he, after demand, on July 20, 1890, levied on a “Midland” engine, No. 8, then in the possession *435 of said company. The appellants, being said company and its sureties, in order to obtain the engine, executed a statutory delivery bond conditioned as follows: “Whereas, J. S. Harrison, as treasurer of Boone county, Indiana, has this day levied upon one locomotive, number eight, of the value of three thousand dollars, to satisfy the taxes, penalty and costs for the year 1889 and the previous years, due from the said Midland Railway Company. Now, if the said Midland Railway Company shall deliver said property to said J. S. Harrison at 10 o’clock a. m. of the 26th day of September, 1890, at the Midland Railway shops, in Lebanon, Indiana, to be sold to pay said taxes, penalty and cost, or will then and there pay to the said J. S. Harrison the full amount of said taxes, penalty and cost, then this bond shall be void, else in full force.”
Under this bond the engine was received back by the company, but was not returned to the treasurer, as required by the bond, nor were the taxes paid. This suit was then commenced upon the bond to recover the amount due on account of the taxes, being much less than the penalty in the bond.
Appellants’ joint demurrer to the complaint was overruled, with an exception. They then answered, and the cause was tried by the court.
The judge, at the request of defendants, found the facts specially, with conclusions of law in favor of the appellee, for whom judgment was then rendered over appellants’ motion for new trial.
The rulings on the demurrer and motion for new trial are the foundations upon which this appeal is based.
Counsel urge that in order to make a good complaint upon this delivery bond, it is essential that a legal and valid tax must be shown as the basis of the duplicate levied by the officer, and that to show such a tax it is *436 necessary that the complaint should exhibit in detail the taking of every step required by the statute in assessing and levying the tax, following the principles of law laid down in Gavin v. Shuman, 23 Ind. 32; McCann v. Jean, 134 Ind. 518, and many kindred cases wherein the validity of tax titles has been in controversy.
Upon this theory, it is contended that an appraisement is essential to a valid tax, and that the complaint fails to allege one to have been made by the State board of equalization.
It must be borne in mind that there is a radical difference between cases where the title to the land is asserted by virtue of a tax deed and those which involve simply the collection of the amount'due. Jackson v. Smith, 120 Ind. 520 (524).
It is true that in an action on a delivery bond given for property seized under an ordinary execution, the Supreme Court has held that the complaint must show a valid judgment back of the execution, and this holding has been followed by this court. Midland R. W. Co. v. Eller, 7 Ind. App. 216; Strange v. Lowe, 8 Blackf. 243.
We are, however, by no means ready to decide that so strict a rule would apply where the property is sought to be released from a tax liability. But granting, without deciding, this to be the rule, we are of opinion that the allegations of the complaint are sufficient to withstand the objection urged against it.
The averment is, as to part of the taxes at least, “That there was also duly and legally assessed by the board of commissioners of Boone county and other proper authorities, for State, county, school and other purposes, the sum of $1,288.74,” etc.
This general allegation was sufficient to cover all the precedent steps requisite to make a valid tax.
In Noland v. Busby, 28 Ind. 154, it became necessary *437 that a treasurer should j ustify his seizure of a horse by a tax duplicate legal on its face. Objection was made to his answer, on the ground that it failed to show a duplicate legal on its face, because it did not aver in detail the various matters necessary to make it so. The pleading was not so strong as that in this case, but the Supreme Court said: “This we think is sufficient. To show by specific averments that the duplicate was made out, in every particular, in the form and manner required by the various provisions of the statute relating to the subject, would require an answer of great length and prolixity, to avoid which the law allows in such cases general pleadings. The rule is stated by Chitty thus: ‘It is also a rule.of pleading that where a subject comprehends a multiplicity of matter, and a great variety of facts, there, in order to avoid prolixity, the law allows general pleading.’ 1 Chitty Pl., 235 (535).”
The rule laid down in Vogel v. Vogler, 78 Ind. 353, and other cases following it, relates to complaints showing on their faces special assessments on omitted property, and not the regular levies made in regular course. It can not, therefore, be deemed applicable to cases like the one in hand.
It has evidently not been the purpose of the law to favor controversies at law over the validity of tax assessments, by suits involving the right of the officer, with a regular duplicate in his hands, to enforce it against personal property. It is absolutely forbidden to question the validity of the tax by a replevin suit.
We are unable to perceive any good reason why the taxpayer should be permitted to avail himself of objections to the validity of the tax in cases of this character. It might, perhaps, be held that the recitals in the bond estopped him to deny that the taxes for the years named *438 were due. May v. Johnson, 3 Ind. 449. We are not, however, called upon to go so far.
The bond required the redelivery of the engine upon a specific day. No demand was therefore necessary in order to put the appellants in default upon its failure to comply with the terms of the bond. Midland R. W. Co. v. Eller, supra; Hunter v. Brown, 68 Ind. 225; Mitchell v. Merrill, 2 Blackf. 87.
The provision of the statute R. S. 1894, section 8573 (R. S. 1881, section 6429) is, that the delinquent-may retain the possession of such property for sixty days, and until the day of sale, by giving a bond, etc., conditioned that such personal property will be delivered at the door of the court house of the county or such other place as the treasurer may designate,, "and at the time named therein, to be sold by such treasurer at public auction.” By virtue of this statute the treasurer might fix a time beyond the sixty days for the delivery, but in the language of the Supreme Court, "As the time and place of the delivery were specified in the bond, it was the duty of the defendants to deliver the property, or pay as stipulated for without demand.” Hunter v. Brown, supra.
If appellants were possessed of a valid excuse for their nondelivery by reason of a failure to advertise the property for sale upon the day named for its return, this was matter of defense.
The case of Wright, Exx., v. Manns, 111 Ind. 422, related to a delivery bond in an attachment suit which, by the terms of the bond and the statute, only required a delivery upon demand, no specific time being named in the bond.
The holding there that a demand was necessary can not support appellant’s position.
It is also insisted that the levy was bad because the complaint fails to show the treasurer’s demand for nay *439 ment with the delinquent list in his actual possession at the plane of the demand, in strict compliance with the terms of section 6435, R. S.1881, counsel claiming that this is the only mode of procedure allowed. We are quite strongly inclined to the opinion that the demand is sufficiently alleged, but it has been decided that this section does not furnish the only authority for a levy and sale by the treasurer, but that under section 6433 and others, he has authority to collect delinquent taxes at at any time by levy and sale. The objection, therefore, fails. Adams v. Davis, 109 Ind. 10 (on p. 17).
We are also of opinion that no express allegation was necessary to show that the locomotive, when not in use was personal property. As between the taxgatherer and the company, at least, such would certainly be the presumption in the absence of contravening facts. 19 Am. and Eng. Encyc. of Law 882.
We have considered all the objections to the complaint presented by appellant’s learned counsel, and are unable to sustain them. The complaint was sufficient to withstand each and all of them.
Under the motion for new trial, numerous errors are urged. We will first take up those concerning the admission of evidence. At the outset we desire to say that we consider in the opinion only those grounds of objection which are argued here, and were also presented to the lower court at the trial. This is in harmony with the well settled law.
Counsel discuss the admissibility of the State auditor’s certificate of the valuation of appellant’s railroad property in 1888. Its admission was not, however, presented as a reason for new trial, and no question can, therefore, be here made with relation to it.
The admission of the auditor’s certificate for 1889 is made a cause for new trial. The only argument urged *440 against it, which was presented to the court below, is that there was in it no valuation or basis of valuation,, because there is, in the certificate, no dollar or other mark before the figures intended to fix the value, nor any words to indicate whether the unit of value was dollars, mills, cents or bushels. In support of this proposition counsel cite Lawrence v. Fast, 20 Ill. 339; Land v. Bommelmann, 21 Ill. 142, which follows it, and Woods v. Freeman, 1 Wall. 398, which also follows it upon the ground that a question of Illinois law was under consideration, and the decision of the Illinois Supreme Court was deemed conclusive thereon. The case of Lawrence v. Fast, supra, simply holds that a judgment for taxes is invalid for uncertainty, when it was for the recovery of 248 simply.
This case was, however, followed to the full extent claimed by appellant’s counsel in People v. San Francisco Savings Union, 31 Cal. 132, which held an appraisement invalid for want of a dollar mark or sign, their ruling being based solely on the cases to Avhich we have referred. Illinois itself, however, has expressly repudiated the doctrine, as applied to an appraisement, which is what we are now considering.
In Chickering v. Faile, 38 Ill. 342, and Elston v. Kennicott, 46 Ill. 202, it was decided that such a defect does, not invalidate a tax assessment.
To the same effect are Cahoon v. Coe, 52 N. H. 518; State v. Eureka Co., 8 Nev. 15, and Bird v. Perkins, 33 Mich. 28, the opinion being by Cooley, J.
In each of these cases the rule laid down in Lawrence v. Fast, supra, is held inapplicable to a tax appraisement.
It is our judgment that these latter cases are the better authority, and that no man can have any reasonable doubt as to the unit of value adopted by the State board of equalization in appraising the railroads of the State.. *441 The context and the subject-matter under consideration, taken in connection with the duties of such officers, as fixed by law, make this reasonably certain at least. In the abstract or certificate under consideration, the dollar mark does appear at the head of one column of figures thus, "$500.” This furnishes indubitable evidence of the unit of value adopted, not only for the valuations in that column, but for all the others.
The evidence clearly establishes a sufficient demand for the taxes before levy. The making of the levy was abundantly proved by parol. Whether or not there was better evidence, which might have been required, is immaterial since no objection was offered to the character of the evidence by which the proof was made.
It is also probable that the appellants were estopped by the recital in the bond to deny that there had been a levy. May v. Johnson, supra; Love v. Kidwell, 4 Blackf. 553; Atkinson v. Starbuck, 7 Blackf. 420; Lucas v. Shepherd, 16 Ind. 368; Wiseman v. Lynn, 39 Ind. 250; Gray v. State, ex rel., 78 Ind. 68; Crisman v. Matthews, 1 Scam. (Ill.) 148; Portis v. Parker, 8 Tex. 23.
If the property levied upon did not belong to the company, and this'excused appellants from a delivery, this was matter of defense to come from the appellants. Prima facie they were required to comply with the bond. If they do not, they should show why not. The authorities go no further than to permit such a fact to be shown as a defense. Midland R. W. Co. v. Eller, supra; Koeniger v. Creed, 58 Ind. 554; Long v. U. S. Bank, 1 Free. Ch. (Miss.) 375.
The burden then being upon appellants, in the absence of any finding upon this question, it stands found against them. Sinker, Davis & Co. v. Green, 113 Ind. 264.
We are not prepared to say that this finding is unsustained by any evidence. Although the direct testimony *442 offered by appellants is to the effect that the company did not own the engine, the possession of the company and the attendant circumstances were such as to authorize the contrary finding.
Objection is made to the admission of the certified copy of the assessment for 1889 made by the State board of equalization, because it varies from the abstract certified down to the county auditor by the State auditor in 1889. This being a certified copy of the original assessment, its admissibility did not hinge upon its being in harmony with the other evidence upon that subject. Furthermore, it was within the province of the court to determine, as it doubtless did, that there was a clerical error in the abstract certified down in 1889, in that it stated the year to be “1888” instead of “1889.” Such an error, however, would not avoid and invalidate the levy of taxes made in accordance with the appraisement and assessment of the State board for that year.
Under our statutes, officers in charge of public records are authorized to make certified copies of such records, whether they came into existence during their term of office or not, and such copies may properly be used as evidence. R. S. 1894, section 466; R. S. 1881, section 462; Painter v. Hall, 75 Ind. 208.
This paper under consideration does not purport to be a copy of the abstract certified down to the county auditor, but it is a copy of a record then on file in the State auditor’s office.
No objection was made in the court below to the form of the certificate.
Further objection is urged to the introduction of “parts of a certain printed statement regarding the meeting of the State board of equalization.” It is doubtless an oversight that counsel have not referred us to any place in the record where this question is either *443 presented or saved. The only matter we find which could come under this head is what seems to be an appraisement of right of way improvements amounting' to -$400. Whether this came from a printed copy of the board’s proceeding or whether properly or in what manner certified does not in any way appear. Taking it to be what counsel, in their objection, claim, it is still only the duplicate of the certified abstract which had already gone in evidence without objection. It, therefore, really added nothing to what was before proven. The error, if any, was utterly harmless.
Appellants offered in evidence a bill of sale purporting to be executed by the Pennsylvania Co. to Henry Crawford for an I. & V. engine No. 707. There was no evidence to prove the execution of this document, nor any offered or given which indicated that the I. & V. engine No. 707 was the Midland engine No. 8 levied on by appellee. There was consequently no error in refusing to admit it.
Error is also urged on account of the court’s refusal to receive evidence of H. Crawford, Jr., “showing that the Midland Railway Co. was not the owner of engine No. 8, but that such engine was the property of Henry Crawford.” Without deciding whether er not the cause assigned in the motion for a new trial was sufficiently definite to present any question in this court, it is sufficient to say that the evidence of Crawford upon cross-examination covered this ground quite fully, so that whatever error there was in the original rulings was cured by the subsequent admission of the evidence. Mitchell v. Hindman, (Ill.) 37 N. E. Rep. 916.
Counsel contend that, by the terms of the bond, appellants were only required to pay the amount of the taxes, penalty, and costs due at the time of its execution, .and that the court erred in its finding in adding to this *444 amount the 6 per cent, penalty on the 1889 tax, which attached to 'this tax in November, 1890. If this be true,, appellants were not harmed thereby.
Filed Sept. 18, 1894;
petition for a rehearing overruled Jan. 9, 1895.
Upon their theory, appellants would be liable to pay the amount due on the taxes at the time of default with 6 per cent, interest from that time, which would have amounted to much more than the sum added as a penalty. If the court adopted a wrong basis to ascertain the amount of the recovery, appellants received the benefit of it, and can not now complain.
We have thus considered numerous objections urged by appellant’s counsel, although many of the matters relied upon by appellee might have been regarded as wholly unnecessary, and the rulings on their admission therefore immaterial. The appellee seems to have assumed the burden of proving the various steps necessary to make a valid tax and levy from the listing or report made by the officers of the corporation to the seizure of the engine by appellee.
The statute relieved appellee from proving that the taxes were legally assessed. They were found regularly assessed upon the tax duplicates, and the statute provides that all taxes assessed upon any property in this State shall be presumed to be legally assessed. R. S. 1881, section 6498; Adams v. Davis, 109 Ind. 10.
Our State is not alone in having statutes of this character and giving them such effect. We find similar holdings in suits to collect taxes in other States. Scott v. People, 33 N. E. Rep. 180; State, ex rel., v. Maloney, 20 S. W. Rep. 1064; Modoc County v. Churchill, 75 Cal. 172; City of Muskegon v. S. K. Martin Lumber Co., 86 Mich. 625.
Our conclusion in the case is that there is no error in the. record which would justify a reversal.
Judgment affirmed.